UNITED STATES v. McKINLEY et al.

(Circuit Court, D. Oregon. November 16, 1903.)

No. 2,799.

1. PUBLIC LANDS—FORGERY OF HOMESTEAD APPLICATION—SUFFICIENCY OF DESCRIPTION.

The forgery of homestead applications and affidavits, with intent to thereby obtain title to public lands of the United States, constitutes an offense, under Rev. St. § 5418 [U. S. Comp. St. 1901, p. 3666], although the land was described as "in township 24 south of range 1 east," without naming the meridian, where in fact all the townships in the state are numbered from the same meridian, and the description was there-

fore sufficient to identify the lands to the officers acting on the papers, and such papers were capable of effecting the intended fraud.

2. INDICTMENT—SUFFICIENCY—REFERENCE TO OTHER COUNTS.
One count in an indictment may refer to matter in a previous count for the purpose of avoiding unnecessary repetition.

Criminal prosecution for violation of Rev. St. § 5418. On demurrer to indictment.

John H. Hall, U. S. Atty.

Thomas O'Day and F. P. Mays, for defendants.

BELLINGER, District Judge. This is an indictment charging the defendants in several counts with forgeries of homestead applications and affidavits, and proofs in connection with such applications, for the purpose and with the intent of defrauding the United States out of the lands described therein. The description of these lands concludes, in every instance, with the words "in township 24 south of range 1 east," or with letters and abbreviations to the same purport. The meridian is not stated. Defendants demur to the indictment, their contention being that the court cannot say from the description where these lands are located, and that because of this uncertainty the government could not be defrauded of any of its lands by means of the alleged forgeries.

The forged writing need not be such as, if genuine, would be legally valid. If it is calculated to deceive, and is intended to be used for a fraudulent purpose, this is enough. 13 Am. & Eng. Encyclopedia, 1093. The vital element of this offense is the intent to defraud, and that is alleged. Unless the court can say that upon their face the instruments alleged to be forged have not the capacity of effecting fraud, the indictments must be held good, and the court cannot say this. The map exhibited on the argument by the attorneys for the defendants, for the purpose of showing that there is more than one meridian in this state, also shows that all the townships within the state are numbered from the Willamette meridian. So far from failing to describe any land with sufficient accuracy for identification, the indictments do identify the particular land meant to the general understanding. It is true the land is not described with technical precision, but technical precision is not necessary so long as there is no room to doubt what is meant. And here there is no room to doubt. The necessary inference from such a description, in affidavits and proofs taken before a commissioner at Eugene, and filed in the Roseburg land office, is that the word "east" is with reference to the Willamette meridian. There is no doubt about it. Anybody having to do with the matter knows at once what is intended. It is enough if the officers required to act upon these papers might so understand the description. But the case goes beyond this. They could not understand it otherwise, and in fact they did so understand it. From the indictment in the other case submitted, with the one I am now considering, it appears that these forged affidavits and proofs, or others containing descriptions like them, were successful

¶ 2. See Indictment and Information, vol. 27, Cent. Dig. §§ 270, 270½.

in defrauding the government in the way intended; and, while I do not overlook the fact that one indictment cannot be referred to for the purpose of supplying defects in another, it is equally true that the experience and knowledge of men may be appealed to in order to determine the probable effect to be accorded a given fact. And it would be a travesty of justice if one indictment should be held insufficient on the ground that certain acts were incapable of accomplishing a fraud, and in the same court, at the same time, a prosecution should be sustained in a case where the intended fraud had in fact been accomplished by means of such acts.

As to the other point urged on the demurrer, it is held that one count in an indictment may refer to matter in a previous count, so as to avoid unnecessary repetition. Crain v. United States, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097.

The demurrer is overruled.